**COLLIER v COLLIER et**

Ohio Appeals, 9th Dist, Summit Co

No 2726.   Decided Dec 9, 1936

Meade Chamberlain, Akron, for plaintiff in error.

Clarence E. Kroeger, Akron, for defendants in error.

## OPINION

By FUNK, PJ.

The parties being in this court in the same relation as they were in the trial court, they will be referred to merely as plaintiff and defendants.

In February, 1934, plaintiff obtained a cognovit judgment against defendants in the sum of $173.25 and costs in the Common Pleas Court of this county. Thereafter, execution was issued and levied upon the undivided one-twelfth interest of John J. Collier in certain real estate in the city of Akron, Ohio.

The transcript of the docket and journal entries discloses that on May 4, 1934, an order of appraisement and sale for said undivided one-twelfth interest in said real estate was issued out of said court to the sheriff of this county; that said order of appraisement was returned on May 15, 1934, wherein said one-twelfth interest was appraised at $150; that said one-twelfth interest was thereafter duly advertised and sold by the sheriff at public auction on June 15, 1934, to one Leslie Miller for $100; and that said sale was confirmed on June 19, 1934. and a deed ordered executed and delivered to said Miller.

The record and files further disclose that on October 1, 1934, defendants filed a petition under favor of §11631, et seq., GC, to vacate said judgment because it was entered for more than was due on said note, and to vacate said confirmation of sale of said undivided one-twelfth interest upon the ground of irregularity in obtaining said confirmation, in that one Joseph Navatney and one John E. Crawford, who were appointed by the sheriff as two of the three appraisers of said undivided interest in said real estate, were not disinterested appraisers, as required by law (see §11672, GC), for the reason that said Navatney lived immediately across the street from said premises, which were occupied in part by plaintiff, and was "well acquainted with and friendly to plaintiff," and that said John E. Crawford was "an intimate friend of plaintiff and that he in fact is advising the plaintiff in the various steps taken by her" in business matters; and for the further reason that plaintiff had procured the appointment of said Navatney and Crawford as such appraisers

and thereby "practiced a fraud upon the court and upon these defendants." Defendants also claim that said appraisers appraised said undivided one-twelfth interest in said real estate entirely too low, and at much less than its true value in money.

To this petition to vacate, plaintiff filed an answer on November 1, 1934, in which she admits the judgment, the appraisement, and the sale of said premises on execution, but denies all other allegations.

At the hearing, which was on January 29, 1935, defendants abandoned the question of vacating the judgment, and the court proceeded with the hearing solely on the question of vacating the confirmation of sale.

The undisputed evidence shows that the sheriff did execute and deliver a deed to said Miller for said premises; that said Miller bought it in for plaintiff, who furnished said $100; that said Miller had no interest whatever in said premises; that his bid of $100 was the only bid at said sale, and that he and his wife later signed a deed for the same, with the name of the grantee in blank, and delivered it to said John E. Crawford, who was at that time acting as agent for plaintiff in attempting to sell said undivided one-twelfth interest in said property for her; and that, at the time of the hearing on said motion, the name of said John E. Crawford had been inserted in said deed as grantee, but that said deed had not yet been filed for record. Said Crawford testified that he paid plaintiff the $100 she paid for said undivided one-twelfth interest in said premises.

No question is raised as to the qualifications of the third appraiser.

We find no evidence in the record to show that said two appraisers were appointed as such at the instance or request of plaintiff or any one for her. Neither do we find any evidence to show that said Joseph Navatney was not a disinterested appraiser. The mere fact that he lived in the vicinity of the plaintiff and was acquainted with her, was not of itself sufficient to disqualify him as an appraiser.

As to the other appraiser, John E. Crawford:

The evidence shows that plaintiff is the widow of William Collier, deceased; that said Collier was a son of Thomas Collier, deceased, and that William died some time after the death of his father; that William Collier had three brothers and two sisters; that plaintiff was the owner of the

undivided one-half of the real estate in question; that, at the death of Thomas Collier, his said children each inherited the undivided one-sixth of the other undivided one-half of said real estate, which is one-twelfth of the whole title; and that plaintiff thereafter inherited the undivided one-twelfth from her husband at the time of his death; so that at the time of this hearing plaintiff owned the undivided seven-twelfths of said property.

At the trial, three letters written and signed by said John E. Crawford were admitted in evidence for the purpose of showing whether or not said John E. Crawford was acting as agent or adviser of plaintiff at the time he acted as appraiser in this case. One of said letters was dated May 8, 1934, and directed to Albert Collier, one of said sons of Thomas Collier, deceased. It pertained to the property in question, and had reference to an offer to buy out plaintiff's interest in said real estate, and also contained a counter-proposition by said Crawford, on behalf of plaintiff, to sell plaintiff's undivided interest to her brothers-in-law and sisters-in-law for a stated amount.

The other two letters were both dated September 14, 1934; one being to the defendant John T. Collier, and the other to a sister-in-law of plaintiff who owned an undivided one-twelfth in said premises. Both of said letters pertained to the respective interests each had in said premises, to the disposal of the same by reason of a judgment plaintiff claimed to have against each of them, and to a suit claimed to be pending for the partition or sale of said premises.

All of said letters were more or less threatening in their nature as to what plaintiff would do if the ones to whom the letters were directed did not do certain things.

It will be observed that said order of appraisement was made on May 4, and returned on May 15, 1934, and that said letter was dated May 8, 1934. As said order of appraisement was not adduced in evidence, it is not before us and we cannot consider it to ascertain the exact day of the appraisement.

**Wilson v Scott, 29 Oh St 636.**

However, as the letter was dated between May 4, the day the order was issued, and May 15, the day the sheriff returned the appraisement to the court, we think that the only reasonable inference is that said Crawford was acting as agent for plaintiff, and was advising with her in her dealings with defendants and the other joint owners of said real estate, concerning her either buying them out or their buying her out, at the same time he was acting as said appraiser.

It may be further said that the evidence shows that said Crawford was acting as agent and adviser of plaintiff pertaining to her interest in said premises, not only at the time of the making of said appraisement, but also has continued to so act until the present time.

1 Words and Phrases (4th Series), p. 762, cites 41 SW (2d) 340, at p. 343, as authority for this definition:

"Appraiser, to be 'disinterested', must not only be without pecuniary interest, but he must also be without prejudice against or bias in favor of either party."

See also other cases cited on the same page of said book.

We accordingly find that said Crawford was not a "disinterested freeholder" within the meaning of §11672, GC.

Was the amount of said appraisement such as to warrant the setting aside of said confirmation of sale and the sale proceedings as a whole?

It may be proper in this connection to first observe that said Crawford in his said letter of May 8, 1934, refused an offer of $1,000 for plaintiff's seven-twelfths interest in said premises, which is substantially at the same rate at which he appraised said one-twelfth interest in said premises, and made a counter-proposition to sell to the other owners of undivided interests in said premises her interest for $2,500, which is at a rate considerably more than twice the amount at which he appraised said one-twelfth interest.

While it must be borne in mind that said letter was just an offer and was not under oath, and that said three letters were admitted only for the purpose of reflecting on what, if any, bias or prejudice said Crawford may have had for or against plaintiff or defendants, said letters do furnish an important sidelight on the bitter feeling there was at that time between plaintiff and said Crawford on the one hand, and defendant and the other brothers and sisters of plaintiff's deceased husband on the other hand, concerning the property in question and the amounts owing plaintiff, not only by defendant, but also by one of his brothers and one of his sisters.

Considering this situation, together with the wide difference of opinion by the witnesses for the several parties as to the value not only of said undivided one-twelfth interest in said premises but also as to the value of said premises as a whole, and all the other surrounding facts and circumstances as shown by the record, we cannot say that the conclusion of the trial court that said sale proceedings and order of confirmation of said sale should be vacated and set aside, is either an abuse of discretion or manifestly against the weight of the evidence.

The order and judgment of the trial court is therefore affirmed.

STEVENS and WASHBURN, JJ, concur in judgment.